UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATTY HERL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-672-P |
| ) | |
| KILOLO KIJAKAZI, ) | |
|   Acting Commissioner of the ) | |
|   Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1302. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I.  <u>Administrative History and Final Agency Decision</u>

Plaintiff protectively filed her applications for DIB and SSI on October 31, 2017. AR 12. Plaintiff alleged she became disabled on August 31, 2017. *Id.* The Social Security Administration denied Plaintiff's applications on April 3, 2018, *see id.*, and on reconsideration on July 2, 2018. *Id.*

1

Plaintiff appeared with counsel and testified at an administrative hearing conducted before an Administrative Law Judge ("ALJ") on June 6, 2019. AR 36-102. A vocational expert ("VE") also testified. AR 100-01. On September 3, 2019, the ALJ issued an unfavorable decision. AR 9-30.

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not participated in substantial gainful activity since January 1, 2018, after the alleged onset disability date of August 31, 2017. AR 14-15. At the second step, the ALJ found Plaintiff had the following severe impairments: dysfunction of major joints and arthralgia of multiple sites, bilateral. AR 15. At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 19. At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work. AR 20. As a result, at step five, the ALJ determined Plaintiff was not disabled, pursuant to Medical-Vocational Rule 202.13, from August 31, 2017 through the date of the decision. AR 29-30.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. Issues Raised

Plaintiff raises three issues on appeal. First, Plaintiff argues the ALJ failed to resolve inconsistencies in Dr. James Metcalf's medical opinion. Doc. No. 24 ("Op. Br.") at 9-14. Second, Plaintiff contends that ALJ erred in consideration of Dr. Carla Werner's opinion. *Id.* at 14-20. Finally, Plaintiff asserts the ALJ erred in his evaluation of Plaintiff's consistency with regard to her subjective symptom reports. *Id.* at 20-26.

III. General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means-and means only-'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including

anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV. Medical Opinions

Plaintiff raises two issues on appeal arising from the ALJ's consideration of the opinions of two state reviewing physicians, Dr. Metcalf and Dr. Werner. Specifically, Plaintiff contends the ALJ erred by not resolving inconsistencies within Dr. Metcalf's medical opinion, prior to concluding that his opinion was persuasive. Plaintiff also argues the ALJ's decision to find Dr. Werner's opinion only partially persuasive is not supported by substantial evidence in the record. In his decision, the ALJ stated:

> Regarding the prior administrative medical findings, Dr. Carla Werner, M.D., who is a State agency medical consultant, independently examined the evidence and gave her medical opinion that the claimant can perform light exertion work, except the clamant can occasionally handle and finger bilaterally. Later, Dr. James Metcalf, M.D., independently examined additional evidence and opined the claimant can perform the full range of light exertion work with no non-exertional limitations or restrictions. Dr. Metcalf supported his medical opinion with a written statement, which is hereby incorporated into this decision. The undersigned finds Dr. Metcalf's medical opinion is well-supported by the evidence and is persuasive and that Dr. Werner's opinion is partially persuasive. The limitations in handling and

fingering noted by Dr. Werner are not consistent with the evidence showing no joint abnormalities of the hands or wrists. Although the claimant had a weak grip strength, she did not have any joint swelling, tenderness, redness, or warmth and her weakness was of an uncertain etiology. The weakness is accommodated by the reduction to light work as noted by Dr. Metcalf. Furthermore, even the new evidence presented at the hearing level does not show abnormalities on examinations of the hands.

AR 28 (citations omitted).

1. Dr. Metcalf

Plaintiff's argument regarding Dr. Metcalf's opinion is somewhat perplexing. The Court agrees that an ALJ has a duty to resolve inconsistencies within the medical record and/or a medical opinion. *Roth-Riemann v. Comm'r of the Soc. Sec. Admin.*, No. CIV-16-614-W, 2017 WL 1322208, at *6 (W.D. Okla. March 23, 2017), *adopted*, 2017 WL 1326305 (W.D. Okla. April 10, 2017). Certainly this applies when an ALJ concludes said opinion is persuasive and incorporates it into the decision. Here, however, Dr. Metcalf's opinion and his basis for the same do not present an inconsistency.

During the initial consideration of Plaintiff's disability application, Dr. Werner reviewed Plaintiff's medical records and concluded she could perform work at the light exertional level, however, she should be limited to only occasional handling and fingering due to pain. AR 115-16. During the reconsideration phase of Plaintiff's application, Dr. Metcalf reviewed Plaintiff's records as well as the previous administrative findings. AR 140. Plaintiff relies on a section in the

Reconsideration analysis entitled, "Findings of Fact and Analysis of Evidence," that includes the statement, "Based on evidence in file, for mental [Plaintiff] is given a non-severe PRTF. For physical, she is given a light RFC with occasional fingering and handling." AR 141. Plaintiff contends this statement indicates Dr. Metcalf adopted this finding and any indication otherwise later in the document represents an inconsistency in his opinion. Op. Br. at 11. The Court disagrees.

Immediately following the referenced statement, Dr. Metcalf stated, "At RECON she alleges no new conditions but ongoing care with Great Salt Plains Clinic for nerve pain and inflammation . . . ." AR 141. Thus, the initial statement merely referenced the findings in the initial disability determination.

Plaintiff also argues that Dr. Metcalf never explicitly rejected Dr. Werner's manipulative limitations. Op. Br. at 11. This assertion is explicitly contradicted by Dr. Metcalf's written statement, which the ALJ specifically incorporated into his decision. Dr. Metcalf's answered, "Does the individual have manipulative limitations?" with a negative response. AR 144. Plaintiff extensively argues that this question-and-answer portion of the opinion is akin to a check box form and therefore its weight should be discounted by the Court. Op. Br. at 12-13. It is not necessary to resolve this issue, however, because Dr. Metcalf explains his conclusion that Plaintiff does not have any manipulative limitations.

> Discussion: [Plaintiff] has no [medical evidence of record] that have diagnosed a problem with her hands or given a diagnosis. At CE

> exam[,] she could not manipulate objects, touch thumb to finger or grasp anything. [S]he has 1/5 grip. Yet on [activities of daily living] she fixes meals, drives car, puts gas in the car, shops, handles change and checkbook.
>
> [Plaintiff] is partially credible.

AR 145.

Thus, Dr. Metcalf clearly found that Plaintiff did not have manipulative limitations and he explained the basis for this conclusion. AR 144-45. Accordingly, Plaintiff's assertion that Dr. Metcalf's opinion included an inconsistency the ALJ failed to resolve is without merit.

    2. <u>Dr. Werner</u>

Plaintiff also insists the ALJ's finding that Dr. Werner's opinion was only partially persuasive was not supported by substantial evidence. Plaintiff characterizes the ALJ's conclusion as based solely on the fact that objective medical testing did not reveal a basis for manipulative limitations and that she had not received any related medical diagnosis. Op. Br. at 15-19. While the ALJ did reference each of these factors, he also specifically discussed Plaintiff's reported daily activities as inconsistent with her alleged symptoms.

> At the hearing, the claimant alleged she stopped working for her landlord about one and one-half years ago, but admitted she is currently working for two persons: (1) for the first person the claimant stated she performs housekeeping services one day per week for 12 hours, earning about $60.00 per week; and (2) for the second person, the claimant stated she performs housekeeping services one day per week for 8 hours, earning about $50.00 to $60.00 per week.

7

AR 28. After noting that neither Dr. Werner nor Dr. Metcalf found Plaintiff completely consistent, the ALJ continued, "The claimant has a valid driver's license and drove herself to her disability hearing; the claimant has access to a cell telephone and she can use it all by herself to talk and text; the claimant gets on the internet weekly for one hour; the claimant has a Facebook account with about 320 Facebook friends; and the claimant is working." AR 28-29. Additionally, as previously addressed, the ALJ found Dr. Metcalf's opinion persuasive and Dr. Metcalf specifically relied on Plaintiff's reported daily activities of fixing meals, driving, putting gas in her car, and shopping to conclude she did not have manipulative limitations. *See, supra*.

Thus, contrary to Plaintiff's implication in her argument, the ALJ did not rely solely on a lack of objective medical evidence to conclude Dr. Werner's opinion was only partially persuasive. The ALJ also relied on Plaintiff's own reported daily activities and her reported working activity. While Plaintiff disagrees with the ALJ's conclusion, mere disagreement does not provide a basis for reversal. Plaintiff's position would impermissibly require this Court to reweigh the evidence. *See White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (recognizing that much of the medical evidence was in conflict but the ALJ weighed all the evidence in reaching his decision, including rejection of [a medical] opinion, and the court could not "now

reweigh that evidence and substitute [its] judgment for his"). *See also, cf., Taylor v. Astrue*, 266 F. App'x 771, 777 (10th Cir. 2008) (recognizing that case was not "clear-cut" and that the claimant "certainly adduced evidence consistent with [treating physician's] functional limitations" but the ALJ complied with the regulations in weighing the treating physician opinion, his decision to reject that opinion was supported by sufficient evidence and "it is not the province of th[e] court to reweigh the evidence"). The ALJ properly set out the reasoning in support of his assessment of Dr. Werner's opinion and the record provides substantial evidence to support the same. Therefore, this claim of error is denied.

V. <u>ALJ's Consistency Determination</u>

In her final issue on appeal, Plaintiff argues the ALJ's decision to find her subjective complaints only partially consistent was not supported by substantial evidence. This Court's review of the ALJ's consideration of Plaintiff's subjective complaints is guided by two principles. First, such "determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Second, "findings as to [subjective reports] should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (additional alteration omitted).

Because Plaintiff focuses primarily on her subjective complaints regarding manipulative limitations in her hands, the analysis for this issue overlaps with the discussion regarding Dr. Werner's opinion. *See, supra.* In his decision, the ALJ noted Plaintiff's repeated reports in 2018 that her hands went numb and would swell making it difficult to bend her fingers, hold her grandchild safely, and manipulate small items such as buttons and zippers. AR 20-21. He also summarized her relevant 2019 testimony as follows:

> At [the administrative] hearing, the claimant testified her current job is cleaning houses for two different men earning a total of approximately $110.00 per week. The claimant indicated that she does whatever needs to be done and will work 8 hours at one home, sometimes splitting the work between two days, and approximately 12 hours per week at the other home. When asked about the report by the consultative examiner, the claimant said she can touch her thumbs to her fingertips. The claimant stated that she would not be able to touch her thumbs to her fingertips for 8 hours even with standard work breaks. The claimant stated that the amount of time would depend on how she feels that day. The claimant stated that some days her body works better and some days it does not work at all. The claimant stated she cannot manipulate small objects. The claimant stated that she is able to grasp tools, such as a hammer, but does not know for how long she could do so for each day. The claimant stated that she can vacuum for only five minutes, then she has to let go. The claimant stated that her hands [] progressively get worse and that she cannot write, wash her back, or brush her hair like she should. The claimant stated that it feels like something is pulling when she puts her hands behind her and they go numb. The claimant stated that she has to focus and cannot multitask. The claimant is able to drive, able to use a cell telephone to make and receive calls, performs some texting, and spends approximately on[e] hour per week on the internet. The claimant alleged that she has mainly bad days with her hands. The claimant stated that a good day is when she can feel her hands. The claimant stated that on a bad day, her hands do not function and she cannot pick up anything. The claimant stated

>   that she cannot hold her grandbaby who weighs seventeen pounds. The claimant stated that she cannot use buttons or zippers. The claimant stated that she can button buttons and zip zippers on a good day, but it really hurts. The claimant stated that she tries to exercise her hands by rubbing them.

AR 21.

In her Brief, Plaintiff notes that the ALJ discussed her working activity but implies that he ignored the stilted nature of it—that she occasionally breaks one day into two, takes breaks during each day, or has to switch tasks depending on how her hands are feeling at any given time. Op. Br. at 23-25. However, as evidenced above, the ALJ clearly discussed the nature of Plaintiff's work activity in this regard.

Plaintiff also asserts that the ALJ noted her failure to follow through with rheumatology referral as a basis to discredit her consistency but did not consider the reason. Social Security Ruling 16-3p requires an ALJ to consider possible reasons an individual did not pursue treatment in evaluating a plaintiff's subjective complaints. SSR ("SSR") 16-3p, 2017 WL 5180304, at *9 ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.").

Plaintiff alleges she did not follow through with a rheumatology appointment because the rheumatologist never returned the call of the referring physician's office. Op. Br. at 22-23 (citing AR 95, 451). The record does show that on January 31, 2018,

11

the Great Salt Plains Health Center's office noted Plaintiff's report that she had not heard from the rheumatologist's office to whom they referred her. AR 451. The office staff also noted, "I have contacted OU with no response . . . . Will refer to Mercy as OU will not return call." *Id.* However, Plaintiff neglects to mention in her Brief that later that year, Plaintiff had formal appointments with a rheumatologist and a neurologist and failed to appear at both. AR 446.[1]

In his discussion of the varying medical opinions in the record, the ALJ also explained the following:

> In a functional evaluation assessment, Dr. Williams, the consultative examiner, opined the claimant cannot effectively oppose her thumbs to her fingertips; the claimant cannot manipulate small objects; and the claimant cannot effectively grasp tools such as a hammer (Exhibit 3F at 9). The undersigned finds Dr. Williams' opinion that the claimant cannot handle and cannot finger bilaterally is not persuasive.  The only support for Dr. Williams' opinion is her examination findings of decreased grip strength (Exhibit 3F at 4). Dr. Williams's medical opinion is not consistent with that of Dr. Carla Werner, M.D., who opined the claimant can occasionally handle and finger bilaterally (Exhibit 4A). In addition, Dr. James Metcalf, M.D., independently examined the evidence and opined that the claimant has no medical evidence of record that have diagnosed a problem with her hands or given a diagnosis. Furthermore, the 1/5 weakness noted by Dr. Williams at the consultative examination, is not consistent with the claimant's report of her activities of daily living where she indicates she fixes meals, drives a car, puts gas in the car, shops, and handles change (Exhibit 7A/11). It is also not consistent with the examination showing the claimant maintains full range of motion with no

---

[1] The first time the ALJ noted in his decision that Plaintiff failed to attend her rheumatology appointment, he specifically cited the July 2018 record noting that she had such an appointment and did not attend. AR 23 (citing AR 446).

>  tenderness, swelling, or redness in the joints of the hand (Exhibit 3F at 4) or with the lack of swelling, tenderness, or redness noted in the joints of the hand by the claimant's own medical source (Exhibits 1F at 1, 5).

AR 26.

The ALJ clearly considered the appropriate factors in evaluating Plaintiff's subjective reports, including the medical record, the reported duration, frequency, and intensity of Plaintiff's symptoms, Plaintiff's reported daily activities, including working activity, and her failure to follow through with specialist appointments. AR 20-21, 22-23, 26, 28-29. Thus, the Court finds no grounds for reversal in the ALJ's assessment of Plaintiff's subjective reports. *See Alarid v. Colvin,* 590 F. App'x 789, 795 (10th Cir. 2014) ("In citing what he contends is contrary evidence [to the ALJ's conclusion regarding the severity of the claimant's impairments] Mr. Alarid is asking us to reweigh the evidence, which we cannot do."); *Morgan v. Berryhill*, No. CIV-17-413-BMJ, 2018 WL 652335, at *6 (W.D. Okla. Jan. 31, 2018) ("Plaintiff has failed to show that the ALJ ignored or misstated evidence in his credibility assessment, and this Court will not reweigh that evidence. So, the Court [] finds no grounds for reversal."); *Cummings v. Colvin*, No. CIV-14-539-L, 2015 WL 3960899, at *1, *10 (W.D. Okla. June 29, 2015) (rejecting the plaintiff's challenge to the ALJ's assessment of the plaintiff's subjective complaints where the ALJ considered the testimony upon which the plaintiff relied, finding that the court could not reweigh the same evidence).

VI. Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this  29th  day of October, 2021.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE